UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:13-CR-00209-01 |
| VERSUS | JUDGE FOOTE |
| MARVETTE J. THOMAS (01) | MAGISTRATE JUDGE HANNA |

## MEMORANDUM  RULING

Currently pending is the government's application for writ of continuing garnishment directed to the Teachers' Retirement System of Louisiana and its successors or assigns.  (Rec. Doc. 42).

Marvette J. Thomas pleaded guilty to one charge of theft of federal funds under 18 U.S.C. § 666(a)(1)(A).  (Rec. Doc. 8, 11, 39).  She was sentenced to serve fourteen months of imprisonment and to make restitution in the amount of $159,167.00.  (Rec. Doc. 39).  She was ordered to pay the restitution amount in monthly payments of at least $300.00 and to make full restitution not less than six months prior to her release from incarceration.  (Rec. Doc. 39 at 6).  As of March 19, 2014, the sum of $900 had been credited to the judgment debt.  (Rec. Doc. 42 at 1).

The government filed an application, seeking to have the restitution order satisfied by means of a continuing garnishment against 25% of Ms. Thomas's property in the custody, control, or possession of the Teachers' Retirement System

of Louisiana and its successors or assigns.  (Rec. Docs. 42, 53).  Ms. Thomas was advised of the garnishment and notified that she had the right to request a hearing if she believed that she did not owe the money or if she believed that the property being taken by the government was protected by an exemption from garnishment.  (Rec. Doc. 42-2 at 1-2).  A writ of continuing garnishment was issued.  (Rec. Doc. 43). Acting *pro se*, Ms. Thomas requested a hearing, noting on her motion for hearing her contentions that the government had not complied with the statutory requirements for the issuance of the garnishment and that the property was exempt from seizure by the government.  (Rec. Doc. 44).  Her motion was granted, and a hearing was set for June 24, 2014.  (Rec. Doc. 45).

The government filed its response to Ms. Thomas's contentions, arguing that it had properly sought garnishment of her property and that the property sought to be garnished was not exempt from garnishment.  (Rec. Doc. 47).

Ms. Thomas then filed a motion to enroll counsel on her behalf and to continue the hearing.  (Rec. Doc. 50).  The motion to continue was granted, and counsel were instructed to confer with the undersigned to select a new hearing date.  (Rec. Doc. 51).  The conference was held, and the hearing was rescheduled for August 19, 2014. (Rec. Doc. 54).  The Teachers Retirement System of Louisiana then filed its answer to the application for a writ of garnishment.  (Rec. Doc. 55).  Ms. Thomas requested

another continuance of the hearing date.  (Rec. Doc. 58).  The undersigned granted the motion, cancelled the hearing, ordered Ms. Thomas to submit within fourteen days a memorandum responding to the government's application for a writ of continuing garnishment and responding to the answer filed by the Teachers Retirement System of Louisiana.  (Rec. Doc. 63).  Although the fourteen-day time period for responding to the submissions of the government and the Teachers Retirement System of Louisiana elapsed, no memorandum has yet been filed by Ms. Thomas.  She failed to comply with this Court's order.

## ANALYSIS

Ms. Thomas has not demonstrated that the government violated any statutory provision related to the garnishment proceeding, nor has she demonstrated that the 25% of her pension from the Teachers Retirement System of Louisiana sought to be garnished is exempt from seizure by the government.

Before she retained counsel, Ms. Thomas did not articulate a specific objection to the procedure used by the government in seeking to have her pension benefits garnished.  Instead, she simply placed an "x" in the blank on a form motion for hearing, indicating that "[t]he United States of America has not complied with the statutory requirements for issuance of the post-judgment remedy."  (Rec. Doc. 44). After retaining counsel, Ms. Thomas was given two opportunities to appear at a

hearing, but she sought to continue both hearings.  She was then given an opportunity to brief the issues she wished to have heard.  No brief was filed within the time limit established by the court.  Accordingly, the undersigned finds that Ms. Thomas waived her right to object to any procedural deficiencies she might have perceived. Furthermore, the undersigned is unaware of any procedural defects that would preclude the garnishment of Ms. Thomas's pension benefits.

Ms. Thomas also takes the position that the property sought to be garnished is exempt from seizure.  This, however, is not the case.  Under the Mandatory Victim Restitution Act ("MVRA"), monetary restitution is mandatory when certain crimes are committed.[1]  Among the crimes for which restitution is mandatory are offenses against property, including any offense committed by fraud or deceit.[2]  Ms. Thomas was convicted of such a crime.  Therefore, a restitution order was mandatory.

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."[3]  One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28

---

[1]       18 U.S.C. § 3663A(a)(1).

[2]       18 U.S.C. § 3663A(c)(1)(A)(ii).

[3]       18 U.S.C. § 3613(a) & (f).

U.S.C. § 3205.  The FDCPA provides, in pertinent part:  "A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor."[4]  Certain property is exempt from garnishment.  Exempted property includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986."[5]  But 18 U.S.C. § 3613 excludes the exemption set forth in Section 6334(a)(9) of the Internal Revenue Code, which in certain situations exempts wages, salary, and other income.

Consistently, the Fifth Circuit has allowed the United States to garnish an individual's retirement account.[6]  More specifically, the Fifth Circuit has held that the MVRA allows garnishment of a criminal defendant's retirement benefits to satisfy a criminal restitution order.[7]  When the criminal defendant has not yet started making withdrawals from a retirement fund, the government can seize the entire fund but

---

[4]        28 U.S.C. § 3205(a).

[5]        18 U.S.C. § 3613(a)(1).

[6]        *United States v. Phillips*, 303 F.3d 548 (5th Cir. 2002).

[7]        *United States v. DeCay*, 620 F.3d 534 (5th Cir. 2010).

-5-

once periodic payments have begun to be paid, the maximum allowable garnishment from such an account is 25% of the individual's disposable weekly earnings.[8]  This was confirmed by the Fifth Circuit, which expressly stated:  "We conclude that the United States may garnish the defendants' retirement benefits to satisfy a criminal restitution order, but the CCPA [Consumer Credit Protection Act] limits the United States' authority to garnish [the criminal defendant's] pension benefits to twenty-five percent of his monthly payment."[9]

In this case, the Teachers Retirement System of Louisiana confirmed that Mrs. Thomas is receiving monthly retirement benefits of $3,833.66 per month minus $407.00 for federal taxes, $148.48 for health insurance, and $27.00 for life insurance, leaving a net payment of $3,251.18.  (Rec. Doc. 55 at 2).  Twenty-five percent of that net figure is $812.80.

## CONCLUSION

The government does not seek to garnish the entirety of Ms. Thomas's monthly pension check.  It seeks, instead, to garnish 25% of her non-exempt property in the custody of the Teachers Retirement System of Louisiana.  After reviewing the pending application for continuing garnishment, the writ issued on March 24, 2014,

---

[8]     15 U.S.C. § 1673(a)(1).

[9]     *United States v. DeCay*, 620 F.3d at 545.  See, also, *United States v. DeCay*, 620 F.3d at 544.

the submissions of the parties, and the applicable law, the undersigned is of the opinion that 25% of Ms. Thomas's monthly pension benefits are subject to garnishment by the United States for satisfaction of the court-ordered restitution. Accordingly, the Teachers Retirement System of Louisiana is ordered to remit $812.80 to the Clerk of Court every month until the restitution order has been satisfied or a further order is issued by this Court.

Signed at Lafayette, Louisiana on September 16, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:   9/17/2014
BY:          EFA
TO:          EEF
                  kk

-7-