UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:13-CR-00209 |
| VERSUS | JUDGE FOOTE |
| MARVETTE J. THOMAS | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently before the Court is defendant Marvette J. Thomas's motion for reconsideration and to set aside the order issued by the Court on September 16, 2014 (Rec. Doc. 69). Oral argument on the motion was scheduled for November 13, 2014 (Rec. Doc. 70), but Ms. Thomas's counsel failed to appear for the hearing. For the following reasons, the motion is denied.

## BACKGROUND

Marvette J. Thomas pleaded guilty to one charge of theft of federal funds under 18 U.S.C. § 666(a)(1)(A). (Rec. Doc. 8, 11, 39). She was sentenced to serve fourteen months of imprisonment and to make restitution in the amount of $159,167.00. (Rec. Doc. 39). She was ordered to pay the restitution amount in monthly payments of at least $300.00 and to make full restitution not less than six months prior to her release from incarceration. (Rec. Doc. 39 at 6).

The government filed an application, seeking to have the restitution order satisfied by means of a continuing garnishment against twenty-five percent of Ms. Thomas's property in the custody, control, or possession of the Teachers Retirement System of Louisiana and its successors or assigns. (Rec. Docs. 42, 53). Ms. Thomas was advised of the garnishment and notified that she had the right to request a hearing if she believed that she did not owe the money or if she believed that the property being taken by the government was protected by an exemption from garnishment. (Rec. Doc. 42-2 at 1-2). A writ of continuing garnishment was issued. (Rec. Doc. 43). Acting *pro se*, Ms. Thomas requested a hearing, noting on her motion for hearing her contentions that the government had not complied with the statutory requirements for the issuance of the garnishment and that the property was exempt from seizure by the government. (Rec. Doc. 44). Her motion was granted, and a hearing was set for June 24, 2014 to be accomplished through live audio-video conferencing at the facility where Ms. Thomas is incarcerated. (Rec. Doc. 45).

The government filed its response to Ms. Thomas's contentions, arguing that it had properly sought garnishment of her property and that the property sought to be garnished was not exempt from garnishment. (Rec. Doc. 47).

Ms. Thomas then filed a motion to enroll counsel on her behalf and to continue the hearing. (Rec. Doc. 50). In order to give newly-enrolled counsel, Brian Smith,

adequate time to prepare, the motion to continue was granted, and counsel were instructed to confer with the undersigned within ten days to select a new hearing date. (Rec. Doc. 51). Based on the agreed-upon date, the hearing was rescheduled for August 19, 2014. (Rec. Doc. 54). The Teachers Retirement System of Louisiana then filed its answer to the application for a writ of garnishment. (Rec. Doc. 55).

Once again, arrangements were made to allow Ms. Thomas to participate in the hearing via live audio-video conferencing. Despite having agreed upon the hearing date, Mr. Smith requested another continuance of the hearing date citing a scheduling conflict in the matter of *Debra and Calvin Harper v. Claude Minor, et al.*, Docket number 07-233-CV, pending in the 4th Judicial District, Parish of Ouachita, Louisiana. (Rec. Doc. 58, 62). The motion was granted, and the hearing was cancelled on August 5, 2014. (Rec. Doc. 63).

Given the fairly straightforward legal issue involved and the difficulties encountered in accommodating Mr. Smith's schedule and arranging the audio-video feed at the facility where Ms. Thomas was incarcerated, Ms. Thomas was ordered, in the same order cancelling the hearing, to submit a memorandum within fourteen days responding to the government's application for a writ of continuing garnishment and to the answer filed by the Teachers Retirement System of Louisiana. (Rec. Doc. 63). The fourteen day time period elapsed without a memorandum being filed by Mr.

Smith on behalf of Ms. Thomas. Since she failed to comply with this Court's order, in due course, the Court proceeded to rule on the government's application for garnishment of her pension, ordering the Teachers Retirement System of Louisiana to remit $812.80 to the Clerk of Court every month until the restitution order has been satisfied or a further order is issued by the Court. (Rec. Doc. 66).

Mr. Smith now seeks reconsideration and/or vacation of the Court's order arguing that he was unaware of the order that cancelled the August 19, 2014 hearing and directed him to file a brief because he did not receive the order via the Court's electronic noticing system. (Rec. Doc. 69 at 1).

Given these representations by Mr. Smith, on October 30, 2014, the Court ordered Mr. Smith to personally appear at a hearing to be held on November 13, 2014. (Rec. Doc. 70). Prior to the hearing, this Court was able to confirm through its IT staff that the order cancelling the hearing and ordering the submission of a brief was sent to both of Mr. Smith's email addresses that are of record. Further, the IT staff was able to confirm his receipt of that order. (Rec. Doc. 73, p. 4). On November 7, 2014 Mr. Smith advised the Clerk of Court's office by e-mail correspondence that his office was not receiving court-filed documents. He was advised the same day by return e-mail correspondence that there had been no delivery failure reports on either of the e-mail addresses of record, that he should check his

spam box, and that he should log into the ECF program to query his cases to insure that he had not missed what had been filed. (Rec. Docs. 72, Ex. 1., Rec. Doc. 73, p. 4).

Mr. Smith did not appear at the hearing on November 13. When his office was contacted by telephone, the Court was advised that the hearing was not on their calendar but that they would try to locate Mr. Smith. An inquiry with the IT staff revealed that the notice of the hearing had been sent to both of Mr. Smith's e-mail addresses of record and receipt was confirmed. (Rec. Doc. 73, p. 5). Subsequently, Mr. Smith called this Court's law clerk and advised that he did not receive notice of the hearing and that he had been having problems with his internet connection. (Id.). Following the hearing, Mr. Smith sent correspondence to the Court by e-mail and also by United States mail, attaching his e-mail exchange of November 7 with the Clerk of Court personnel, and contending that he still had no notice of the hearing. (Rec. Doc. 74). What this correspondence does confirm is that, as of November 7, Mr. Smith was aware that, in the event he was not receiving notices from the Court, it was not due to any failure on the part of the electronic noticing system from the Clerk of Court, and that he should check the ECF filing program to make sure he had not missed anything. Had he done so, he would have found the order of October 30 setting the hearing. Thus, Mr. Smith's contention that the phone call he received on

the day of the hearing was his first notice of the hearing is disingenuous at best and is also dispositive of the motion before the Court.

## ANALYSIS

The pending motion was not presented to the Court in an appropriate manner. The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration.[1] Therefore, when a movant seeks review of an order or judgment, the motion for reconsideration may be treated as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order.[2] In such a situation , the motion is considered a Rule 59(e) motion if it is filed no later than twenty-eight days of entry of a judgment,[3] and a Rule 60(b) motion if filed after that time period. In this case, Ms. Thomas's motion was filed more than twenty-eight days after the subject order, the order having been issued on September 16 and the motion having been filed on October 27. Therefore, even though Ms. Thomas does

---

[1] *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997); *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

[2] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Alpha Kappa Alpha Sorority Inc. v. Converse Inc.*, 175 F. App'x 672, 675 (5th Cir. 2006); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991); *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d at 173.

[3] Fed. R. Civ. P. 59(e) reads as follows: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

not mention Rule 60 in her motion, the undersigned will construe the pending motion as one for relief from a judgment or order under Rule 60.

Rule 60(b)(1) states that a party may be relieved from an order on the basis of mistake, inadvertence, surprise, or excusable neglect. In determining whether there has been excusable neglect, a court will review all of the relevant circumstances including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, and the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith.[4] Because Rule 60(b)(1) affords extraordinary relief, the movant is required to make a sufficient showing of unusual or unique circumstances justifying the requested relief.[5] Thus, the Fifth Circuit "has set a high bar for what a party must show to receive relief under Rule 60(b)(1)."[6]

There are two reasons why Ms. Thomas's argument lacks merit. First, the argument is logically inconsistent. Mr. Smith claims that he did not know that he was ordered to submit a brief in lieu of attending a hearing, but he did not appear for the hearing on the previously-scheduled date. The same order both cancelled the hearing

---

[4] *Johnson v. Potter*, 364 Fed. App'x 159, 164 (5th Cir.2010).

[5] *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985).

[6] *Williamson v. City of Morgan City*, 428 F. App'x 356, 357 (5th Cir. 2011).

and ordered briefing. If he did not receive the order cancelling the hearing, he should have appeared in court on August 19, 2014, but he did not do so. Counsel does not argue that he was unaware of the hearing that was scheduled for August 19 because that date had been agreed upon by and among the parties. Consequently, his argument is internally inconsistent and lacking in logic.

Second, Mr. Smith has offered insufficient evidence in support of the contention that he did not receive appropriate notice from the Court. Although a lack of notice might, under some circumstances, constitute excusable neglect, there must be some evidence that a lack of notice actually occurred.[7] The order cancelling the hearing and requiring briefing was electronically mailed to Mr. Smith at two e-mail addresses that he had previously provided to the court, and Mr. Smith has offered nothing other than his own self-serving statements in an attempt to show that the e-mail was not received. "[W]here courts have granted Rule 60(b)(1) motions for lack of notice, the moving party has presented more than an unexplained and uncorroborated assertion that she lacked notice."[8] In this case, however, only Mr. Smith's unexplained uncorroborated assertion that he failed to receive the Court's order has been provided. The undersigned's own investigation shows, to the

---

[7] See, *Quilling v. Schonsky*, 247 Fed. App'x 583, 587 (5th Cir. 2007).

[8] *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-CV-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013).

contrary, that e-mail communications sent by the Court to Mr. Smith were received. Therefore, the undersigned finds that Ms. Thomas has failed to establish that there was a lack of notice of the cancellation of the August 19 hearing and the requirement that a brief be filed instead. Therefore, the undersigned further finds that Ms. Thomas was afforded an opportunity to be heard with regard to the garnishment of her pension.

Additionally, the Court's order was on file with the CM/ECF system and easily accessible to Mr. Smith. A party has a duty of diligence to inquire about the status of a case, and Rule 60(b) relief will only be afforded in unique circumstances.[9] In this case, Ms. Thomas's counsel could have and should been checking the Court's CM/ECF system to see if anything had been filed in the case, including but not limited to orders from the Court, at least as of November 7. In fact, he had a duty to diligently keep himself informed about the status of the case, and he could easily have done this electronically. The undersigned finds that Mr. Smith failed in that duty and further finds that his neglect was not so unique that it is excusable.

---

[9] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

Finally, Mr. Smith offers no substantive objection to the ruling issued on September 16, 2014 (Rec. Doc. 66) on the merits of the Government's garnishment of Ms. Thomas's pension.

For these reasons, the motion (Rec. Doc. 69) is denied.

Signed at Lafayette, Louisiana on December 8th, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE